Robert W. Norman (SBN 025328)
HOUSER & ALLISON, APC
2929 N. Central Avenue, Suite 1560
Phoenix, AZ 85012
bnorman@houser-law.com
Ph: (480) 428-8370

Attorney for Plaintiff Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC2, Mortgage-Pass Through Certificates, Series 2007-NC2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC2, Mortgage-Pass Through Certificates, Series 2007-NC2,<br><br>             Plaintiff,<br><br>vs.<br><br>Kenneth McLeod and Carol Ann McLeod, Husband and Wife; Circle G At Riggs Homestead Ranch Homeowners Association; Maricopa County Sheriff's Office; Kristin Ann McLeod aka Kristin Ann Mason; State of Arizona, ex rel., Arizona Department of Revenue; Unknown Heirs and Devisees of Kenneth McLeod and Carol Ann McLeod.<br><br>             Defendants. | Case No. 2:14-cv-01720-NVW<br><br>HON: Neil V. Wake<br><br>**CASE MANAGEMENT CONFERENCE REPORT** |

The Parties, through counsel undersigned, hereby notify the Court that they have conferred pursuant to Federal Rule of Civil Procedure 26(f) and hereby submit their Case Management Conference Report outlining the items discussed concerning case management.

1

I. **General Information.**

A. In accordance with Rules 16 and 26(f), Federal Rules of Civil Procedure, a conference was held on December 17, 2018 and was attended by:

- Robert W. Norman, counsel for Plaintiff.
- Beth Findsen, counsel for Defendants Kenneth and Carol Ann Mcleod.
- Nathan Tennyson, counsel for Defendant Circle G At Riggs Homestead Ranch Homeowners Association.

B. Status of defendant parties:

- Defendants Kenneth McLeod and Carol Ann McLeod were served and filed their Answer.
- Defendant Kristin Ann McLeod has been dismissed voluntarily *without prejudice*.
- Defendant Circle G At Riggs Homestead Ranch Homeowners Association waived service and the parties are working on a stipulated judgment.
- Defendant Maricopa County Sheriff's Office has been dismissed *without prejudice*.
- Defendant State of Arizona, ex rel., Arizona Department of Revenue was served and failed to file a responsive pleading and therefore the clerk entered default against this party.

C. Set out the status of related cases pending before other courts or other judges of this court: **Not Applicable**

D. It is recommended that this case be assigned to the **standard** track for purposes of case management.

**II.     Rule 26(f) Discovery Plan.**

FRCP 26(a) Initial Disclosures:  The Parties agree that the deadline for FRCP 26(a) initial disclosures will be **January 4, 2019**.

General Discovery:

1. Should discovery be conducted in phases?

    Yes____ No __X__ (If yes, explain.)

    Or should discovery be limited to or focused on particular issues?

    Yes___ No __X__ (If yes, explain.)

2. Discovery employing Rules 30, 31, 33, 34, 35, and 36 may be commenced immediately.

3. <u>All</u> discovery will be completed on or before **July 19, 2019**.

Experts:

1. Expert disclosures (reports) required by Rule 26(a)(2) will be made:

    a) By all parties on or before **March 15, 2019**; and

    b) Rebuttal reports on or before 30 days from the service of the report being rebutted.

2. Expert reports and expert discovery must be timely supplemented.

Electronically Stored Information (ESI): Are there issues about the disclosure, discovery, or preservation of electronically stored information (ESI), including the form or format in which it should be produced? <u>See</u> Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

          Yes____ No __X__

Claims of Privilege of Protection of Attorney Work Product: See Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

1. __X__ There is no indication that this will be an issue.
2. ___ The parties have entered into a confidentiality agreement.
3. ___ The parties will submit their proposed confidentiality agreement on or before: _____

Limitations on Discovery: See Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

1. __X__ The limitations contained in Rules 26(b), 30 and 33, Federal Rules of Civil Procedure, and Local Rule (Civil) 36.1 will apply except as indicated below.
2. The maximum number of depositions by each party will not exceed __5__ without first obtaining leave of court.
3. The maximum number of interrogatories posed by each party will not exceed __25 including sub-parts__.
4. The maximum number of requests for admissions posed by each party will not exceed __25__.

Supplementation of expert disclosures and discovery responses: See Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure.  All discovery responses and expert disclosures (reports) including expert deposition testimony must be supplemented timely, but not later than 30 days after new information is discovered by or revealed to a party, and final supplements of disclosures and discovery responses must occur by 30 days prior to the close of fact discovery/expert discovery.

Final Witness List:  A final witness list disclosing all lay and expert witnesses whom a party may wish to call at trial shall be served and filed no later than **May 15, 2019**.

**III.   Pretrial Motions.**

\_\_\_ Are there preliminary motions as to jurisdiction, venue, arbitration, statutes of limitation, and discovery of ESI that should be given early attention?

Yes \_\_\_ No **X**

\_\_\_ Non-dispositive Motions:

1. \_\_\_ Motions to amend pleadings or add parties shall be served and filed not later than **March 15, 2019**

2. \_\_\_\_ Discovery disputes shall be presented to the court as soon as discovery problems are identified, but not later than 15 days after the close of discovery unless the parties here suggest otherwise. If the meet-and-confer process fails to resolve disagreements regarding mandatory initial discovery or discovery requests (see Rule 37(a)(1)), the parties shall present that dispute to the court in a single, joint motion, stating the issue, any applicable rules, and each party's proposed disposition of the dispute. Counsel's signature on the joint motion shall constitute compliance with Rule 26(g). The joint motion must contain the Rule 37(a)(1) certification. The court may resolve the dispute based upon the parties' presentations or after a conference call. At a conference, the court may authorize the filing of a discovery motion.

3. \_\_\_ Dispositive motions shall be served and filed not later than **September 16, 2019**, and shall be processed in accordance with the Federal Rules of Civil Procedure

**IV.   Other Provisions.**

If there are unresolved issues regarding objections to a party's initial discovery, a case management conference with the court may be scheduled within approximately seven days of the filling of the parties' Case Management Conference Report. Do the parties

5

request a case management conference with the court for purposes of discussing other matters?

     Yes\_\_\_ No **X** (If yes, please explain.)

Do the parties consent to trial before a magistrate judge?

     Yes \_\_\_ No **X**

Early settlement/alternative dispute resolution.

  1. \_\_\_\_ Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

     Yes **X** No \_\_\_

  2. \_\_\_ Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

     Yes **X** No \_\_\_

**V.  Trial.**

The case is expected to take **1** day to try.

Has a jury trial been demanded? **No.**

Is the right to jury trial disputed? **No.**

When discovery is closed and dispositive motions have been ruled upon, the court will call upon the parties to certify the case ready for trial.

**VI.  Report Form.**

Have counsel experienced a problem in using this form? **No problems have been experienced by counsel.**

Are there subjects which counsel would like to see added to this form? **No.**

| | | |
|---|---|---|
| 1 | Dated: December 21, 2018 | **HOUSER & ALLISON, APC** |
| 2 | | |
| 3 | | */s/ Robert W. Norman, Jr.* |
| | | Robert W. Norman, Jr. |
| 4 | | Attorneys for Plaintiff |
| 5 | | Deutsche Bank National Trust Company, As Trustee for Securitized Asset Backed |
| 6 | | Receivables LLC Trust 2007-NC2, Mortgage- |
| 7 | | Pass Through Certificates, Series 2007-NC2 |
| 8 | | |
| | Dated: December 21, 2018 | **LAW OFFICE OF BETH K. FINDSEN, PLLC** |
| 9 | | |
| 10 | | |
| 11 | | */s/ Beth Findsen* |
| | | Beth Findsen |
| 12 | | Attorney for Defendants Kenneth and Carol McLeod |
| 13 | | |
| 14 | Dated: December 21, 2018 | **BROWN | OLCOTT, PLLC** |
| 15 | | |
| 16 | | /s/ Nathan Tennyson |
| | | Nathan Tennyson |
| 17 | | Attorney for Defendant Circle G at Riggs HOA |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Beth Findsen, Esq.
Law Office of Beth K. Findsen, PLLC
7279 E. Adobe Drive, Suite 120
Scottsdale, Arizona 85255
beth@findsenlaw.com
Attorney for Defendants Kenneth McLeod,
Carol McLeod and Kristin McLeod

Nathan M. Tennyson
Brown Olcott PLLC
190 W. Magee, Ste. 182
Tucson, AZ 85704
nathant@azhoalaw.net
Attorney Defendant Circle G. Riggs HOA

M. Colleen Connor
Catherine Fuller
Maricopa County Attorney's Office
222 N. Central Ave., Suite 1100
Phoenix, AZ 85004
connorc@mcao.maricopa.gov
fullerc@mcao.maricopa.gov
Attorney for Defendant Maricopa County Sheriff's Office

s/ Paige Kleinwolterink
Paige Kleinwolterink